UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA ARMOUR<br>CHANEL E. ARMOUR,<br><br>                              Plaintiffs,<br><br>v.<br><br>FIDELITY SELECT TECHNOLOGY PORTFOLIO; FIDELITY CONVERTIBLE SECURITIES FUND; FIDELITY NEW MILLENIUM FUND; FIDELITY GROWTH & INCOME FUND; FIDELITY GOVERNMENT INCOME FUND; FIDELITY PURITAN FUND; FIDELITY GNMA FUND; SELECT TECH HARDWARE PORTFOLIO; FIDELITY TREND FUND; FIDELITY INVESTMENT MONEY MARKET TAX EXEMPT PORTFOLIO CLASS I; SELECT ENERGY PORTFOLIO; FIDELITY EQUITY INCOME FUND; FIDELITY GROWTH COMP ANY FUND; SELECT SEMICONDUCTOR PORTFOLIO; SELECT CONSUMER STAPLES PORTFOLIO; FIDELITY ADVISOR GLOBAL CAPITAL APPRECIATION FUND CLASS I; | Case No.: 3:23-cv-02074-JES-VET<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING WITHOUT PREJUDICE**<br><br>**[ECF Nos. 1, 4]** |

SELECT CHEMICALS PORTFOLIO; FIDELITY ADVISOR INCOME FUND-CLASS I,

                    Defendants.

Before the Court is Plaintiff Olivia Armour's ("Plaintiff") Application to proceed *In Forma Pauperis* ("IFP"). ECF No. 4. Upon review, the Court **GRANTS** Plaintiff's IFP Request and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint under 28 U.S.C. § 1915(e). ECF No. 1.

## I.    BACKGROUND

On November 08, 2023, Plaintiff, proceeding *pro se*, commenced this action against Defendants, appearing to raise claims related to invasion of privacy, identity theft, stalking, attempted murder of her youngest child, and murder of her oldest child. Plaintiff alleges that "Fidelity happens to have access to accounts numbers, birth certificates, any accolades of accomplishments attached with numbers reflect my being the true ownership of such accounts and information for myself and my daughters, which the perpetrators has utilized over the years at their discretions and is being utilized for monetary gain and economic development currently without my consent." ECF No. 1. Plaintiff also alleges that Defendants have acquired a significant amount of information about her dating back to her teenage years, which constitute as stalking, invasion of privacy, and identity theft. *Id.* at 2. Plaintiff claims that she and her daughters have suffered from Defendants' alleged conduct "over the years but was never able to keep steady and stable employment for my life goals for ourselves for our future to become productive law-abiding citizens in America." *Id.* Plaintiff further claims, in a stream-of-consciousness fashion, "I have been fighting for my life and the rights of my life for many years, organizations forcing human trafficking upon me and my children for two decades not to mention because I refuse to comply with their standards they began to target my children, it was bad enough they

tried to murder my youngest first and when that failed they targeted my oldest and murdered her all because I wanted to work for a living more importantly, they took everything from me, every job, bank account, insurance, position with 401k, retirement plans, my apartments, my vehicles, demolished any goals in life, destroyed my career as a Herbal Practitioner and now this." *Id.* at 7. Plaintiff seeks damages for "half of everything they have accumulated at my expense and my deceased daughter Chanel E. Armour expense." *Id.*

On November 20, 2023, Plaintiff applied to proceed *In Forma Pauperis*. The Court discusses Plaintiff's IFP status and conducts a mandatory screening of Plaintiff's complaint below.

## II.   LEGAL STANDARD

### A. *In Forma Pauperis* Application

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). Upon a showing of an inability to pay, a party may proceed, *in forma pauperis*, without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). The determination of indigency and thus whether to grant an IFP application is left to the discretion of the district court. *See Cal. Men's Colony, Unit II Men's Adv. Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds*, 506 U.S. 194, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [for herself] and dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 89 (1948) (internal quotation marks omitted).

Here, in support of Plaintiff's IFP request, she reports in her affidavit no source of

income, no employment history, $1.70 in a checking account, one motor vehicle valued at $11,000, and a monthly expense of $291 for food. ECF No. 4. Considering Plaintiff's above attestations under penalty of perjury, the Court finds that Plaintiff is unable to pay the requisite filing fee. The Court will now review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

### B. Screening Under 28 U.S.C. § 1915(e)

When reviewing an IFP application, district courts must screen the complaint to ensure it states a claim, is not frivolous, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). To survive screening, all complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (recognizing that a complaint fails to state a claim if it lacks a cognizable legal theory or does not allege enough facts under a cognizable legal theory); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he pleading standard . . . demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Thus, the "mere possibility of misconduct" falls short of meeting the *Iqbal* plausibility standard. *Id.* at 679; *see Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Upon screening, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. Rather, Plaintiff's complaint is disjointed, incoherent, and largely unintelligible. Plaintiff's claims against Defendants of invasion of privacy, identity theft, stalking, attempted murder of her youngest child, and murder of her oldest are fantastical and incredible. Without providing facts to substantiate her claims, Plaintiff cites to sections in Title 5, 15, 18, and 31 of the U.S.C., 2010 California Code and 2005 California Business and Professions Code, and 49 C.F.R. § 801.56 concerning criminal claims, administrative agencies, government obligations to public debts, business transactions, or public disclosure of personal or medical files. None of which are applicable here, and some cannot even support a civil cause of action. Because Plaintiff fails to argue a basis in law or fact for which relief can be granted, Plaintiff's complaint must be dismissed as patently frivolous.

### III.   CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's IFP Request and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). Should Plaintiff elect to file an amended complaint, Plaintiff must do so within **30 days** from the date of this Order.

**IT IS SO ORDERED.**
**Dated:  January 30, 2024**

Honorable James E. Simmons Jr.
United States District Judge