|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| OLIVIA ARMOUR<br>CHANEL E. ARMOUR,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FIDELITY SELECT TECHNOLOGY PORTFOLIO; FIDELITY CONVERTIBLE SECURITIES FUND; FIDELITY NEW MILLENIUM FUND; FIDELITY GROWTH & INCOME FUND; FIDELITY GOVERNMENT INCOME FUND; FIDELITY PURITAN FUND; FIDELITY GNMA FUND; SELECT TECH HARDWARE PORTFOLIO; FIDELITY TREND FUND; FIDELITY INVESTMENT MONEY MARKET TAX EXEMPT PORTFOLIO CLASS I; SELECT ENERGY PORTFOLIO; FIDELITY EQUITY INCOME FUND; FIDELITY GROWTH COMP ANY FUND; SELECT SEMICONDUCTOR PORTFOLIO; SELECT CONSUMER STAPLES PORTFOLIO; FIDELITY ADVISOR GLOBAL CAPITAL APPRECIATION FUND CLASS I; | Case No.: 3:23-cv-02074-JES-VET<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND WITH PREJUDICE**<br><br>**[ECF Nos. 9, 10]** |

| | |
|---|---|
| SELECT CHEMICALS PORTFOLIO; FIDELITY ADVISOR INCOME FUND-CLASS I, | |
| | Defendants. |

Before the Court is *pro se* Plaintiff Olivia Armour's ("Plaintiff") Amended Complaint. ECF Nos. 9, 10. The Court previously granted Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") and dismissed Plaintiff's Complaint for failure to state a claim. ECF No. 8. Accordingly, the Court advised Plaintiff that if she chose to amend her Complaint to cure deficiencies she should do so within 30 days. *Id.* Because Plaintiff's Amended Complaint does not address deficiencies, let alone cure them, the Court **DISMISSES** the **Amended Complaint.**

## I. BACKGROUND

On November 08, 2023, Plaintiff, proceeding *pro se*, commenced this action against Defendants, appearing to raise claims related to invasion of privacy, identity theft, stalking, attempted murder of her youngest child, and murder of her oldest child. Plaintiff alleges that "Fidelity happens to have access to accounts numbers, birth certificates, any accolades of accomplishments attached with numbers reflect my being the true ownership of such accounts and information for myself and my daughters, which the perpetrators has utilized over the years at their discretions and is being utilized for monetary gain and economic development currently without my consent." ECF No. 1. Plaintiff also alleges that Defendants have acquired a significant amount of information about her dating back to her teenage years, which constitute as stalking, invasion of privacy, and identity theft. *Id.* at 2. Plaintiff claims that she and her daughters have suffered from Defendants' alleged conduct "over the years but was never able to keep steady and stable employment for my life goals for ourselves for our future to become productive law-abiding citizens in America." *Id.* Plaintiff further claims, in a stream-of-consciousness fashion, "I have been fighting for my life and the rights of my life for many years, organizations forcing human

trafficking upon me and my children for two decades not to mention because I refuse to comply with their standards they began to target my children, it was bad enough they tried to murder my youngest first and when that failed they targeted my oldest and murdered her all because I wanted to work for a living more importantly, they took everything from me, every job, bank account, insurance, position with 401k, retirement plans, my apartments, my vehicles, demolished any goals in life, destroyed my career as a Herbal Practitioner and now this." *Id.* at 7. Plaintiff seeks damages for "half of everything they have accumulated at my expense and my deceased daughter Chanel E. Armour expense." *Id.*

On November 20, 2023, Plaintiff applied to proceed *In Forma Pauperis*. ECF No. 4. The Court granted Plaintiff's IFP application and dismissed her Original Complaint, with leave to amend, on January 30, 2024. ECF No. 8. Plaintiff filed an Amended Complaint on February 14, 2024. ECF No. 9. Approximately a month later, on March 27, 2024, Plaintiff re-filed the Amended Complaint attaching a civil cover sheet. ECF No. 10. The Court conducts a mandatory screening of Plaintiff's Amended Complaint below.

## II.   LEGAL STANDARD

### A. Screening Under 28 U.S.C. § 1915(e)

Upon review of an IFP application, district courts must screen the complaint to ensure it states a claim, is not frivolous, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). To survive screening, all complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (recognizing that a complaint fails to state a claim if it lacks a cognizable legal theory or does not allege enough facts under a cognizable legal theory); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Thus, the "mere possibility of misconduct" falls short of meeting the *Iqbal* plausibility standard. *Id.* at 679; *see Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Upon screening of Plaintiff's Amended Complaint, the Court finds that she still fails to state a claim upon which relief can be granted. Unfortunately, Plaintiff's Amended Complaint fares no better than her Original Complaint. In fact, it is substantively no different. Plaintiff's allegations remain disjointed, incoherent, and largely unintelligible. Plaintiff did not cure any of the deficiencies in her Original Complaint, namely, Plaintiff fails to provide facts to support, what appears to be, claims against Defendants of invasion of privacy, identity theft, stalking, attempted murder of her youngest child, and murder of her oldest child. Plaintiff continues to rely on statutes that cannot support a civil action.

Even after liberally construing this *pro se* pleading, this Court is still unable to discern any legal or factual basis upon which relief can be granted, nor how these claims establish subject matter jurisdiction. *See Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d

929 (2007). Because Plaintiff fails to cure deficiencies or establish subject matter jurisdiction, the Court **DISMISSES** the Amended Complaint.

### III.   CONCLUSION

For the reasons above, the Court finds any further opportunities to cure futile. Therefore, the Court **DISMISSES WITHOUT LEAVE TO AMEND and WITH PREJUDICE** Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e).

**IT IS SO ORDERED.**
**Dated:  April 22, 2024**

Honorable James E. Simmons Jr.
United States District Judge